[Doc. No. 9]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHRISTOPHER BROWN,<br><br>      Plaintiff,<br><br>  v.<br><br>SHOWBOAT ATLANTIC CITY PROPCO, LLC, et al.,<br><br>      Defendants. | Civil No. 08-5145 (NLH) |

**OPINION AND ORDER**

This matter is before the Court on defendant's "Motion to Dismiss, or in the Alternative, for a More Definite Statement." [Doc. No. 9].[1] The Court has received plaintiff's opposition and defendant's reply, and has exercised its discretion to decide defendant's motion without oral argument. (See Fed. R. Civ. P. 78 and L. Civ. R. 78.1). For the reasons to be discussed defendant's motion is DENIED.

Background

Plaintiff filed his complaint on October 21, 2008. [Doc. No. 1]. The complaint alleges that defendant's property in Atlantic City, New Jersey ("Property"), violated Title III of the Americans

---

[1] Atlantic City Showboat, Inc. filed the present motion. No one has entered an appearance for defendant Showboat Atlantic City Propco, L.L.C.

with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and N.J.S.A. 10:5-1 et seq. Plaintiff alleges he is confined to a wheelchair and due to his disability he is "substantially impaired in several major life activities and requires a wheelchair for mobility." Complaint at ¶¶5-6. Plaintiff also alleges he visited defendant's property, "plans to visit the Property again in the future," "continues to desire to visit the Property," and "intends to and will visit the Property" in the future. Id. at ¶¶12, 14-15. In addition, plaintiff alleges he continues to experience serious difficulty due to the barriers identified in his complaint, and that he fears he will encounter the same barriers to access in the future which are the subject of this action. Id. at ¶¶14-15.

Defendant argues plaintiff's complaint should be dismissed because he did not properly plead standing. In the alternative, defendant argues that plaintiff should be required to file a more specific complaint pursuant to Fed. R. Civ. P. 12(e). Defendant argues that plaintiff's complaint "is framed in such a vague and expansive fashion that the Defendant is at a loss to know which, if any allegations, relate to actual injuries supposedly sustained by the Plaintiff." Brief at 8-9, Doc. No. 8. Defendant further argues that "Plaintiff does not even allege when it was he last visited the Defendant's property, how long he stayed there, whether he was an overnight guest, or anything else which would allow for a truly meaningful response to the allegations contained in the

2

Complaint." <u>Id</u>. at 9.  In response to defendant's motion plaintiff argues that he pleaded sufficient facts to support his standing to pursue this action.  Plaintiff also argues defendant's request for a more definite statement should be denied because defendant already filed an answer to plaintiff's complaint (<u>see</u> Doc. No. 6). In addition, plaintiff argues he satisfied the notice pleading requirements of Fed. R. Civ. P. 8(a).

<u>Discussion</u>

In a recent decision this Court addressed issues similar to those raised in defendant's motion.  <u>See</u> <u>Dempsey v. Harrah's Atlantic City Operating Co., LLC, et al</u>., C.A. No. 08-5237 (RMB), 2009 WL 250274 (D.N.J.  Feb. 2, 2009).  Standing is a threshold jurisdictional requirement derived from the "case or controversy" language of Article III of the Constitution.  <u>Id</u>. at *2 (citations omitted).  The party invoking federal jurisdiction, in this case, plaintiff, bears the burden of establishing standing.  If plaintiff fails to make the necessary allegations, he has no standing. Therefore, at the pleading stage plaintiff must set forth facts sufficient to establish his standing to invoke the court's jurisdiction.  <u>Id</u>.  To satisfy Article III standing plaintiff must demonstrate that (1) he suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there is a casual connection between the injury and the conduct complained of, that the injury

3

is fairly traceable to the defendant's challenged action; and (3) it is likely, as opposed to merely speculative, that his injury will be redressed by a favorable decision.  Id.  In addition to the Article III "case or controversy" requirement, there are prudential limitations on the court's ability to hear and decide a case. Prudential considerations include a prohibition on a plaintiff's ability to bring a generalized grievance that is shared equally with a large class of citizens, and plaintiff must assert his own legal rights and interests and not rely on the claims of others. Id. at *3.  In order to determine whether plaintiff's alleged future injury is "concrete and particularized" the Court must examine plaintiff's likelihood of returning to the defendant's facility.  Disabled Patriots of America, Inc. v. City of Trenton ("Disabled Patriots"), C.A. No. 07-3165 (FLW), 2008 WL 4416459, at *3 (D.N.J. Sept. 24, 2008).

The Court finds that plaintiff has satisfied all necessary standing requirements.  Plaintiff has sufficiently pled that he suffered an injury in fact.  Plaintiff alleges he visited defendant's premises and experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers he faced.  See Complaint at ¶¶14-16.  This is sufficient to establish an injury.  The Court also finds that plaintiff satisfied the requirement that his injuries be "fairly traceable" to the defendant's challenged action.  Since defendant

4

allegedly owned and operated the facility in question, plaintiff alleges a direct injury as a result of defendant's failure to remove certain barriers which is traceable to defendant's actions. The Court also finds that plaintiff sufficiently alleged redressability.  Since plaintiff requests injunctive relief requiring defendant to comply with the ADA, a favorable decision will plainly redress his alleged injury.  Plaintiff also meets all prudential standing requirements since he is asserting his own legal rights and interests, and his interest in remedying disability discrimination falls within the zone of interests the ADA was designed to protect.

The Court rejects defendant's argument that plaintiff has not pled sufficient facts to establish the foregoing elements of standing.  Although plaintiff has not pled extensive facts in his complaint, the level of specificity necessary to avoid dismissal for lack of standing should not be "exaggerated."  <u>Cottrell v. Goods Wheels, et al</u>., C.A. 08-1738 (RBK), 2008 WL 4792546, at *3 (D.N.J. Oct. 31, 2008)(citing <u>Hosp. Council of W. Pa. v. City of Pittsburgh</u>, 949 F. 2d 83, 86-87, 88 (3d Cir. 1991)).  At the pleading stage, the Court may presume that the general allegations in plaintiff's complaint as to standing encompass a specific fact necessary to support the allegations.  <u>Cottrell</u>, at *3.  <u>See</u> <u>also</u> <u>Bennett v. Spear</u>, 520 U.S. 154, 168 (1997)("at the pleading stage, general factual allegations of injury resulting from the

5

defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations of injury embrace those specific facts that are necessary to support the claim"). In addition, when reviewing a motion to dismiss on the pleadings, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Count of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)(internal citation and quotation omitted); Disabled Patriots, at *2.

Further, unlike this Court's ruling in Dempsey, the Court finds that plaintiff has sufficiently pled facts to establish that he will suffer a future injury that is "concrete and particularized." Plaintiff has affirmatively pled that he "plans to visit the Property again in the future," that he "intends to and will visit the Property to utilize the goods and services in the future," and that he "intends to return as an ADA tester to determine whether the barriers to access" have been remedied." See Complaint at ¶¶12, 15, 22. In this case, unlike Dempsey, plaintiff has pled that he has a definite intention to return to defendant's Property. Plaintiff, therefore, satisfies the requirement that he plead a definitive uncontested intent to return to defendant's Property. Disabled Patriots, at *6. In Dempsey, the Court found that the plaintiff did not sufficiently plead standing because he

6

merely alleged his "desire to visit" defendant's facility in the future. The Court found that this allegation is akin to an intention to return to a property "some day" which is not sufficient to establish standing. Disabled Patriots, at *3; Access 4 All, Inc. v. Absecon Hospitality Corp., C.A. No. 04-6060 (JEI), 2006 WL 3109966, at *6 (D.N.J. Oct. 30, 2006)(citing Access 4 All v. Oak Spring, Inc., No. 504 CV 7506GRJ, 2005 WL 1212663 (M.D. Fla. May 2, 2005)). As noted, this case differs from Dempsey in that plaintiff has pleaded his definite intent to return to defendant's Property. Whether or not this assertion is well-founded is an issue to be explored in discovery. Now is not the time to test the credibility and veracity of the averments in plaintiff's complaint. Accordingly, the Court finds that plaintiff has sufficiently pled his standing to pursue his claims.

The Court recognizes that some cases hold that to establish standing more specificity is required than a simple averment that a plaintiff intends to return to a property in the future. See, e.g., Access 4 All v. Oak Spring, Inc., at *4. However, as noted, in the context of a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the level of specificity necessary to avoid dismissal for lack of standing should not be "exaggerated." Cottrell, at *3. Further, at the pleading stage, the Court may presume that the general allegations in plaintiff's complaint as to standing encompass a

7

specific fact necessary to support the allegations.  Id.[2]

As to plaintiff's request for a more definite statement, this request is denied.  First, defendant should have raised this objection before it answered plaintiff's complaint.  Pursuant to Rule 12(e), "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  It is disingenuous for defendant to argue it cannot frame a response to plaintiff's complaint after it already filed an answer.  Further, defendant's request for a more definite statement is denied for the same reasons discussed in Dempsey, supra. Plaintiff is merely required to plead a short and plain statement of his claim showing that he is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  For the reasons discussed, plaintiff has satisfied the requirements set forth in the Federal Rules of Civil Procedure. It is not the function of Rule 12(e) to provide greater

---

[2] This Order is, of course, entered without prejudice to defendant's right to challenge plaintiff's standing at a later stage of the case.  The Court is merely addressing whether plaintiff's complaint alleges sufficient facts to establish standing.  This Order does not excuse plaintiff's burden of proving standing.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  Standing is not a "mere pleading requirement[ ] but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Id. Stated another way, each element of Article III standing must be supported by evidence in the same way as any other matter on which the plaintiff bears the burden of proof. Bennett, 520 U.S. at 168-69.

particularization of information alleged in the complaint or to supply additional missing details. Dempsey, at *5. This should be the subject of discovery. Id.

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 11th day of March, 2009, that defendant's Motion to Dismiss, or in the Alternative, for a More Definite Statement is DENIED[3]; and

IT IS FURTHER ORDERED that defendant shall file its answer to plaintiff's complaint by March 31, 2009.

                                         s/Joel Schneider
                                         JOEL SCHNEIDER
                                         United States Magistrate Judge

---

[3] Even if the Court granted defendant's motion plaintiff's complaint would not be dismissed. The Third Circuit has made it clear that a plaintiff should be afforded an opportunity to amend his complaint to conform with pleading requirements before dismissal is ordered. Dempsey, at *4 (citation omitted).